**City of Chicago, Appellee, v. Herman Piehl, Appellant.**

**Gen. No. 14,460.**

MUNICIPAL CORPORATIONS—*when license ordinance does not unlawfully discriminate.* Held, that the license ordinance involved and set forth in Johnson Express Co. v. Chicago, 136 Ill. App. 368, does not unlawfully discriminate between persons of the same class and in the same occupation.

Action of debt. Appeal from the Criminal Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed April 20, 1909.

Statement by the Court. The city of Chicago recovered a judgment in the Criminal Court of Cook county against Herman Piehl for $10, in an action of debt. Piehl prosecutes this appeal to reverse that judgment. He was found guilty of violating sections 2325, 2326, 2331, 2332 and 2346 of Article 3 of the Revised Municipal Code of Chicago of 1905. The sections in question are set forth at length in Johnson Express Co. v. Chicago, 136 Ill. App. 368. At the trial it was stipulated the defendant, Piehl, was a common carrier; that in his business as such he owned and used vehicles drawn by horses; that he had no such license as was required by the above enumerated ordinances and that he paid the general taxes on these vehicles and horses.

JAMES A. BRADY, for appellant.

GEORGE H. WHITE, for appellee; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

It is conceded that the city had the power to pass the ordinances in question, as was held by this court in Hastings Express Company v. Chicago, 135 Ill. App. 268. In Harder's Storage Co. v. Chicago, 235 Ill. 58, the Supreme Court of this state held that the city of Chicago had the power to impose a license or tax upon vehicles using its streets. By the three cases referred to the law is settled that, so far as these ordinances operate, the city of Chicago has the power to tax the occupation involved and the vehicles.

It is contended that the ordinances unlawfully discriminate between persons of the same class and persons in the same occupation. We fail to see any such discrimination. What is in argument said respecting the lack of provision in the ordinances for a transfer of the owner's license in case of his quitting the busi-

ness by sale of his vehicles or otherwise, has no pertinency, so far as we can see.

It is argued, also, that a renter or borrower of a vehicle, who might desire to use it as a public cart, is not provided for by the ordinance and, therefore, discriminated against and, while a person in the same class or occupation as is an owner, precluded from pursuing the occupation of a carter. This argument is based on the theory that because he does not own the vehicle he cannot procure a license for it. Counsel is in error in this theory. In the Hastings case *supra* it was said: "For the time of the leasing these teams were owned by * * * the users." It is a fundamental and well known doctrine that the renter or borrower of an article of personal property has a qualified ownership therein. For the time being he is such owner that he is entitled to obtain a license under these ordinances by complying with their requirements in respect to issuance of licenses. Such renter or borrower is not deprived of his right to labor or of contracting for his labor in a lawful occupation. An employe or driver can rightfully be required to pay a tax upon his occupation according to the authorities cited above and, consequently, there is nothing unlawful in the ordinances in that respect. The owner, when he drives for himself, pays upon the public cart and upon his occupation. Any provision to the contrary would be unjust to the employe driver and also to the owner not driving. We find the judgment of the learned trial judge perfectly proper and the judgment is affirmed.

*Affirmed.*